| | United States District Court, Northern District of Illinois | | | |
|---|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | | |
| CASE NUMBER | 02 C 7062 | DATE | 12/20/2002 | |
| CASE TITLE | MARTHA COLLIER vs. BANKER'S LIFE & CASUALTY CO., ET AL | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  **Defendants motion (7-1 and 10-1) to dismiss is granted.**
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 24 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | 15 |
| | Copy to judge/magistrate judge. | | | |
| | DW courtroom deputy's initials | 02 DEC 23 PM 5:07 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARTHA COLLIER,

    Plaintiff,

v.

BANKER'S LIFE & CASUALTY CO.,
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, and ILLINOIS
DEPARTMENT OF HUMAN RIGHTS,

    Defendants.

No. 02 C 7062
Judge James B. Zagel

DOCKETED
DEC 2 4 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Martha Collier brings this action against Banker's Life and Casualty Co. ("Banker's Life"), the Equal Employment Opportunity Commission ("EEOC"), and the Illinois Department of Human Rights ("IDHR"). All three defendants have moved to dismiss Ms. Collier's complaint. Dismissal is proper under Fed. R. Civ. P. 12(b)(6) if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).

Against Banker's Life, Ms. Collier alleges violation under 42 U.S.C. § 1985 and the Fifth, Thirteenth, and Fourteenth Amendments. Ms. Collier alleges that Banker's Life hired "low criminals to harass plaintiff's children without their awareness," and that on September 16, 2002, "some employees from management set up illegal stalking of plaintiff's daughter and paid some criminals to harass her." She alleges that Banker's Life conspired with the EEOC and IDHR "to form a greater conspiracy using government agencies as a shield for their crimes." While "[i]t is true that all the federal rules require of a complaint is that it put the defendant on notice of the plaintiff's claim, . . . notice implies some minimum description of the defendant's complained-of

conduct." *Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999). Such a "minimum description" includes when the alleged conspiracy was formed, what its terms were, and what each conspirator's specific roles were. Ms. Collier's allegations indicate neither the form nor the scope of the alleged conspiracy, and thus, there is only "a bare allegation of conspiracy," which does not satisfy the Fed. R. Civ. P. 8. For this reason, Ms. Collier's claim against Banker's Life under § 1985 is dismissed.

With respect to the Fifth and Fourteenth Amendments, there is no allegation that Banker's Life acted under color of state law, and therefore, these claims are dismissed. Finally, a plaintiff cannot bring a private right of action directly under the Thirteenth Amendment for employment discrimination. *Rash v. Minority Intermodal Specialists, Inc.*, 2001 U.S. Dist. LEXIS 21371 at *13 (N.D. Ill. 2001). Insofar as Ms. Collier's Thirteenth Amendment claim is based on the terms and conditions of her current employment with Banker's Life, she does not allege that she is being forced to work for Banker's Life and thus, her claim must fail and is dismissed.

Ms. Collier alleges that the EEOC failed to investigate her charge, arguing that its conclusion that "the evidence available did not indicate that plaintiff was discriminated against based on race in violation of Title VII" was clearly improper because she gave the EEOC "sufficient" documents to prove race discrimination. She also alleges that an EEOC investigator called her a "fool" on the telephone and that the EEOC conspired with the IDHR to prevent her complaint against LaSalle National Corporation from "reaching court" in December of 1998. Based on these allegations, Ms. Collier claims violation of her rights under the Fifth, Thirteenth, and Fourteenth Amendments, as well as under Title VII, and that the EEOC is liable pursuant to 28 U.S.C. § 1343(a) and 42 U.S.C. § 1985.

Generally, sovereign immunity limits this court's jurisdiction in cases against the government–the sovereign cannot be sued except in the manner in which it consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). There must be statutory authority evidencing the consent of the sovereign to be sued and conferring jurisdiction on the District Court to entertain the action. *United States v. Shaw*, 309 U.S. 495, 500-01 (1940). The Constitution does not waive sovereign immunity or create jurisdiction in a federal district court absent statutory expression of Congress' intent to waive immunity and to grant jurisdiction to the federal district courts. *See Lynch v. United States*, 292 U.S. 571, 582 (1934). Ms. Collier looks to § 1343 for such statutory grant of jurisdiction. However, § 1343 confers jurisdiction only where a federal cause of action is provided by one of the substantive sections of the Civil Rights Act. The first two subsections of § 1343 address claims created by § 1985. However, I am dismissing Ms. Collier's claim against the EEOC under § 1985 for reasons that I will explain shortly. The last two subsections of § 1343 address civil rights claims arising only from state action. *See Ramierez v. Washington*, 363 F. Supp. 105, 108 (N.D. Ill. 1973), *aff'd* 415 U.S. 970 (1974). Hence, § 1343 does not provide for a statutory grant of jurisdiction for Ms. Collier's claims.

I am dismissing Ms. Collier's claim against the EEOC under § 1985 because the United States is not subject to suit under the civil rights conspiracy, nor has it consented to be sued under § 1985, and §1985 does not create or otherwise allow claims against federal officers acting under color of federal law. *Benson v. United States*, 969 F. Supp. 1129, 1136 (N.D. Ill. 1997); *Francis-Sobel v, University of Maine*, 597 F.2d 15, 17 (1st Cir. 1979), *cert. denied*, 444 U.S. 949 (1979). The EEOC, acting under color of federal law, is not subject to suit under § 1985. Even if this were not the case, I would dismiss Ms. Collier's § 1985 claim against the EEOC for the same

3

reasons I am dismissing her § 1985 claim against Banker's Life, for her allegations provide no additional information with respect to the EEOC's alleged involvement in the alleged conspiracy.

Ms. Collier also seeks redress under the Fifth, Thirteenth and Fourteenth Amendments, but those claims must also fail. Although the Fifth Amendment does restrict the federal government, it is inapplicable where a agency performs fact finding investigations and does not adjudicate or make binding determinations. *Hannah v. Larche*, 363 U.S. 420, 440-52 (1960). The EEOC is such an agency, and therefore, Ms. Collier has no claim against the EEOC under the Fifth Amendment. Ms. Collier's claim under the Thirteenth Amendment is also unavailing because Ms. Collier does not state a cause of action. The Thirteenth Amendment prohibits slavery and involuntary servitude, and Ms. Collier makes no allegations that she was in any way forced to work for Banker's Life. The Fourteenth Amendment is directed to state action, and therefore, the EEOC cannot be sued pursuant to it.

Finally, with respect to Title VII, in order for Ms. Collier to have claim against the EEOC, she must demonstrate that Congress granted a right of action against the EEOC in Title VII "either expressly or by clear implication." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). The Seventh Circuit has made it clear that "[i]t is settled law, in this and other circuits, that Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge." *McCottrell v. EEOC*, 736 F.2d 350, 351 (7th Cir. 1984). Thus, Ms. Collier has no claim against the EEOC under Title VII.

With respect to the IDHR, Ms. Collier cannot proceed with her claims because they are barred by *res judicata*, which applies when (1) there has been a judgment on the merits in a prior lawsuit; (2) the same parties are involved in both suits; and (3) the same causes of action are

4

involved in both suits. *Central States, Southeast and Southwest Areas Pension Fund v. Hunt*, 296 F.3d 624, 628 (7th Cir. 2002). A cause of action will be considered the same for *res judicata* purposes when it arises from the same, or nearly the same, factual allegations as the prior litigation. *Spencer v. U.S. Railroad Retirement Board*, 2002 WL 31375499 (N.D. Ill. 2002), citing *Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 338-39 (7th Cir. 1995). Ms. Collier's allegations are almost identical to those made against the IDHR in a prior case in front of Judge Anderson in which Ms. Collier accused the IDHR of failing to respond to her racial discrimination complaint against LaSalle National Corporation and conspiring against her in violation of § 1985. Judge Anderson dismissed Ms. Collier's complaint, and the Seventh Circuit affirmed Judge Anderson's dismissal in *Collier v. Illinois Department of Human Rights*, 221 F.3d 1338 (7th Cir. 2000). Afterwards, Ms. Collier filed a Petition for a Writ of Certiorari with the United States Supreme Court which was subsequently dismissed. All three elements for *res judicata* are met: there was final judgment on the merits, the parties are the same with respect to the IDHR, and both complaints state the same cause of action. Ms. Collier cites *Terry v. Watts Copy Systems, Inc.*, 768 N.E.2d 789 (Ill. App. 2002), in which the trial court's finding that the plaintiff's claim was barred by *res judicata* was reversed. However, even if *Terry* were binding authority for this case, which it is not, the decision was reversed because the appellate court held that the Illinois Human Rights Commission ("IHRC") does not have jurisdiction over workers' compensation claims, and therefore, the IHRC's adjudication over the plaintiff's workers' compensation claim did not bar the plaintiff's retaliatory discharge claim. The case is not analogous to Ms. Collier's case and is thus irrelevant.

Even if Ms. Collier's claims were not barred by *res judicata*, there is a statutory bar to suing a state agency under 42 U.S.C. § 1983 or § 1985. *Will v. Michigan Dept. of State Police*,

5

491 U.S. 58 (1989) establishes that a state is not a "person" subject to liability under § 1983, and *Burgess v. Illinois State Board of Elections*, 1992 WL 137393 (N.D. Ill. 1992) extends *Will* to § 1985. Claims under the Fifth, Thirteenth, and Fourteenth Amendments must be brought pursuant to § 1983, and Ms. Collier's conspiracy claim must be brought under §1985. Because the IDHR is not a "person," it cannot be subject to liability under either statute.

Even if the barriers to Ms. Collier's § 1985 claim did not exist, I would nevertheless dismiss the claim for the same reason I am dismissing the § 1985 claim against Banker's Life, for Ms. Collier's allegations provide no more information regarding the IDHR's alleged involvement in the alleged conspiracy.

For the reasons stated above, Ms. Collier's complaint is dismissed with respect to Banker's Life, the EEOC, and the IDHR.

ENTER:

*[signature]*

James B. Zagel
United States District Judge

DATE: 20 Dec 2002